UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERT CASTILLO, JR.<br><br>   Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A,<br>EQUIFAX INFORMATION SOLUTIONS,<br>LLC and EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br><br>   Defendants. | CIVIL ACTION<br><br>Case No. 1:21-cv-04970<br><br>Jury Trial Requested |

**COMPLAINT**

NOW COMES GILBERT CASTILLO, JR. ("Plaintiff") by and through his undersigned attorney, and files his Complaint against the Defendants pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*:

**Parties, Jurisdiction and Venue**

1. Plaintiff Gilbert Castillo, Jr., a resident of California, brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

2. Defendant JPMORGAN CHASE BANK, N.A ("Chase") is national banking association that provides credit to consumers living in the States of California and Illinois, maintains a principal place of business in Chicago, Illinois and is a "furnisher of information" to credit reporting agencies as provided by 15 U.S.C. § 1681s-2(b).

3. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a consumer reporting agency that maintains credit information on approximately 220 million U.S. consumers and 40 million active U.S. businesses.

4. Defendant Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

1

furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the States of California and Illinois.

5. Defendant EQUIFAX INFORMATION SOLUTIONS, LLC ("Equifax") is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the States of California and Illinois.

6. Defendant Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's creditworthiness, credit standing, and credit capacity on a nationwide basis, including the regular conduct of credit reporting and the handling of disputes for residents of in the States of Illinois and California.

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of this Civil Action because this Civil Action has been brought pursuant to the FCRA.

8. Section 1681p of the FCRA provides and "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction[.]"

9. Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

10. Venue is proper in this judicial district pursuant to Section 1681p of the FCRA and 28 U.S.C. § 1391(b) because Defendants do business in this judicial district, have the capacity to sue and be sued in this District and are otherwise subject to this Court's personal jurisdiction with respect to the complained of conduct. Further, upon in formation and belief, Defendant Chase's response to Plaintiff's various dispute letters took place within this judicial district.

11. Personal jurisdiction exists in this this judicial district because each Defendant has sufficient business contacts within the State of Illinois and this district "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010) (citations and internal quotations omitted). Further, in addition to Defendant's actual physical presence in this judicial district, the sheer scope of its business operations demonstrates "continuous and systematic" contacts with this forum that are "sufficiently extensive and pervasive[.]" *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

12. Joinder of Plaintiff's claims against all three Defendants is proper under Fed. R. Civ. P. 20(a)(2) as Plaintiff's claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## II. Background Allegations Regarding the FCRA

13. The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

14. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

15. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of credit reporting, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

**III. Additional Factual Allegations**

16. Regarding the below allegations, Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b) and is a natural person who was harmed by Defendants' conduct in violation of the FCRA.

17. As detailed below, Chase acted as a "furnisher" of "information" as defined by 15 U.S.C. § 1681s-2 and as a "financial institution" as defined by 15 U.S.C. § 1681a(t) when it furnished information to Defendants Experian and Equifax in relation a consumer debt that Plaintiff allegedly owed to Chase (hereafter the "Subject Debt").

18. Regarding the below allegations, Equifax was a "person" as defined by 15 U.S.C. §1681a(b) and is "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

19. Regarding the below allegations, Experian was "person" as defined by 15 U.S.C. §1681a(b) and is "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

20. Regarding the below allegations, Defendant Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

21. Regarding the below allegations, Defendant Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

22. At all times relevant, Plaintiff's credit reports referencing the Subject Debt were "consumer reports" as that term is defined by § 1681a(d).

23. Regarding the below allegations, Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b) and is a natural person who was harmed by Defendants' conduct in violation of the FCRA.

**A. The Resolution of the Subject Debt With Defendant Chase**

24. Within the past two years of this Complaint being filed, Defendant Chase has reported to both Defendants Equifax and Experian that Plaintiff owed a consumer debt to Chase that was charged off by Defendant Chase (the "Subject Debt").

25. In or around March of 2020, Plaintiff and Defendant Chase agreed to resolve the Subject Debt.

26. In a "SETTLEMENT AGREEMENT AND RELEASE" ("Agreement") dated March 17, 2020, Plaintiff and Chase agreed that Chase would waive the Subject Debt.

27. In agreeing to resolve the Subject Debt, Plaintiff and Defendant Chase both understood and agreed that entire amount of the Subject Debt would be forgiven for the full amount of the Subject Debt.

28. While the terms of the Agreement are confidential, Plaintiff and Defendant Chase expressly agreed that the terms and conditions of the Agreement could be disclosed, if necessary, to enforce or litigate over any provision of the Agreement.

29. Each of the below referenced credit reports are or were "consumer reports" as this term is defined by § 1681a(d)(1) of the FCRA.

30. Despite agreeing to waive the entire amount of the Subject Debt, Defendant Chase has repeatedly misreported to Defendants Equifax and Experian the manner in which the Subject Debt was resolved in full by Plaintiff and Defendant Chase.

31. After agreeing to forgive the Subject Debt *in full*, Defendant Chase specifically misreported the resolution of Subject Debt to Defendants Equifax and Experian on numerous occasions by indicating that the Subject Debt was resolved for *less than the full balance* of the Subject Debt.

### B. Defendant Equifax's Misreporting of the Subject Debt

32. On information and belief, after resolving the Subject Debt with Plaintiff in full, Defendant Chase reported the Subject Debt to Defendant Equifax as a "Payment after charge off/collection Settled - less than full balance".

33. On information and belief, after Defendant Chase resolved the Subject Debt with Plaintiff in full, Chase inaccurately reported the Subject Debt to Defendant Equifax as a "Payment after charge off/collection Settled - less than full balance".

34. Alternatively, Defendant Chase resolving the Subject Debt with Plaintiff in full, Chase reported the Subject Debt to Defendant Equifax as being resolved for less than the full amount of the Subject Debt.

35. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Chase inaccurately reported the Subject Debt to Defendant Equifax as being resolved for less than the full amount of the Subject Debt.

36. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Defendant Equifax inaccurately reported the Subject Debt as being resolved for less than the full amount of the Subject Debt.

37. Despite Defendant Chase resolving the Subject Debt with Plaintiff for the full amount of the Subject Debt, Chase's reporting of the Subject Debt (after the resolution of the Subject Debt in full) resulted in Defendant Equifax reporting the Subject Debt as "Payment after charge off/collection Settled - less than full balance".

38. Defendant Equifax's reporting of the Subject Debt as "Payment after charge off/collection Settled - less than full balance" was factually inaccurate.

39. As discussed below, after Plaintiff learned that the Subject Debt was being misreported by Defendant Equifax as "Payment after charge off/collection Settled - less than full balance", Plaintiff wrote to Defendant Chase to ask Chase to report to Defendant Equifax that the "full balance" of the Subject Debt was settled.

40. Despite Plaintiff more than once writing to Defendant Chase to correct it inaccurate reporting of the resolution of the Subject Debt in full, Defendant Chase declined to correctly report the Subject Debt as being resolved in full.

41. As discussed below, on more than one occasion, Plaintiff wrote to Defendant Equifax to ask it to correct its reporting of the Subject Debt to reflect that the "full balance" of the Subject Debt was settled.

42. Despite informing Defendant Equifax in writing on more than one occasion that Defendant Chase was inaccurately reporting the Subject Debt being resolved for less than the full balance, Defendant Equifax refused to correct the manner in which the Subject Debt was being misreported by Defendant Equifax.

**C. Defendant Experian's Misreporting of the Subject Debt**

43. On information and belief, after resolving the Subject Debt with Plaintiff in full, Defendant Chase reported the Subject Debt to Defendant Experian as "Legally paid in full for less than full balance".

44. On information and belief, after Defendant Chase resolved the Subject Debt with Plaintiff in full, Chase inaccurately reported the Subject Debt to Defendant Experian as "Legally paid in full for less than full balance".

45. Alternatively, Defendant Chase resolving the Subject Debt with Plaintiff in full, Chase reported the Subject Debt to Defendant Experian as being resolved for less than the full amount of the Subject Debt.

46. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Chase inaccurately reported the Subject Debt to Defendant Experian as being resolved for less than the full amount of the Subject Debt.

47. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Defendant Experian inaccurately reported the Subject Debt as being resolved for less than the full amount of the Subject Debt.

48. Despite Defendant Chase resolving the Subject Debt with Plaintiff for the full amount of the Subject Debt, Defendant Chase's reporting of the Subject Debt (after the resolution of the Subject Debt in full) resulted in Defendant Experian reporting the Subject Debt as "Legally paid in full for less than full balance".

49. Defendant Experian's reporting of the Subject Debt as "Payment after charge off/collection Settled - less than full balance" was factually inaccurate.

50. As discussed below, after Plaintiff learned that the Subject Debt was being misreported by Defendant Experian as "Payment after charge off/collection Settled - less than full balance", Plaintiff wrote to Defendant Chase to ask Chase to report to Defendant Experian that the "full balance" of the Subject Debt was settled.

51. Despite Plaintiff more than once writing to Defendant Chase to correct it inaccurate reporting of the resolution of the Subject Debt in full, Defendant Chase declined to correctly report the Subject Debt as being resolved in full.

52. As discussed below, on more than one occasion, Plaintiff wrote to Defendant Experian to ask it to correct its reporting of the Subject Debt to reflect that the "full balance" of the Subject Debt was settled.

53. Despite informing Defendant Equifax in writing on more than one occasion that Defendant Chase was inaccurately reporting the Subject Debt being resolved for less than the full balance, Defendant Experian refused to correct the manner in which the Subject Debt was being misreported by Defendant Experian.

### D. Plaintiff Has Been Harmed by the Misreporting of the Subject Debt

54. Plaintiff has been harmed by Chase's failure to properly and accurately report the Subject Debt as "paid in full", Payment after charge off/collection settled paid in full" or "legally paid in full".

55. The inaccurate reporting of the Subject Debt resulted in a false and damaging image of Plaintiff's credit worthiness.

56. Specifically, the inaccurate reporting of the Subject Debt has had an adverse impact on Plaintiff's credit rating and creditworthiness because inaccurate reporting of the Subject Debt mislead creditors into believing that Plaintiff cannot honor his financial obligations, and is otherwise high-risk consumer.

57. The inaccurate reporting of the Subject Debt has resulted in Plaintiff suffering from significant distrust, frustration, distress, and has rendered Plaintiff unable to obtain the most favorable financing and credit opportunities.

58. As a result of the misreporting of the Subject Debt by Defendant Chase, including its failure to correct its misreporting of the Subject Debt, Plaintiff has suffered out of pocket expenses, decreased credit score, time and effort preparing and tracking the status of his various disputes, as well as time and effort purchasing credit reports to correct and monitor his credit score.

59. As a result of the misreporting of the Subject Debt by Defendants Equifax and Experian, including its failure to correct its misreporting of the Subject Debt, Plaintiff has suffered out of pocket expenses, decreased credit score, time and effort

preparing and tracking the status of his various disputes, as well as time and effort purchasing credit reports to correct and monitor his credit score.

60. By misreporting the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit score.

61. By misreporting the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit worthiness.

62. By misreporting the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's ability to obtain favorable credit.

63. By misreporting the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff to the extent creditors have denied Plaintiff credit as a result of the manner in which Chase has caused the Subject Debt to be misreported.

64. By *failing to correct its misreporting* the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit score, Plaintiff's credit worthiness, and Plaintiff's ability to obtain favorable credit terms.

65. By *failing to correct its misreporting* the Subject Debt to Defendants Experian and Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff to the extent creditors have denied Plaintiff credit as a result of the manner in which Chase has caused the Subject Debt to be misreported.

66. By misreporting the Subject Debt as being resolved for *less than the full balance* of the Subject Debt, Defendants Experian and Equifax have harmed Plaintiff's ability to obtain favorable credit terms.

67. By misreporting the Subject Debt as being resolved for *less than the full balance* of the Subject Debt, Defendants Experian and Equifax have harmed Plaintiff to the extent creditors have denied Plaintiff credit - as a result of the manner in which Defendants Experian and Equifax have misreported the nature of the Subject Debt.

68. By *failing to correct* their misreporting of the Subject Debt, Defendants Experian and Equifax have harmed Plaintiff's credit score as well as Plaintiff's credit worthiness and his ability to obtain favorable credit terms.

69. By *failing to correct* their misreporting the Subject Debt, Defendants Experian and Equifax have harmed Plaintiff to the extent creditors have denied Plaintiff credit - as a result of the manner in which Defendants Experian and Equifax have caused the Subject Debt to be misreported.

## Count I – Violations of the FRCA vs. Defendant Chase

70. Plaintiff, restates and realleges the above Paragraphs against Defendant Chase as though fully set forth herein.

71. Plaintiff wrote to Chase on more than one occasion to dispute the manner in which the Subject Debt was being reported by Defendants Experian and Equifax.

72. On information and belief, Experian and Equifax responded to Plaintiff's written disputes by asking Chase to confirm or deny the nature of Plaintiff's dispute.

73. On information and belief, Defendants Experian and Equifax responded to Plaintiff's disputes by asking Chase to confirm or deny the nature of Plaintiff's dispute.

74. Defendant Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for investigation from Defendants Experian and Equifax.

75. Defendant Chase violated § 1681s-2(b)(1)(B) by failing to review all relevant information that was provided to it pursuant § 1681i(a)(2).

76. Defendant Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

77. Had Defendant Chase reviewed the information provided to it by Plaintiff Defendants Experian and Equifax, it should have corrected the inaccurate designation of the Subject Debt, and transmitted the correct information to Experian and Equifax.

78. Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Defendants Experian and Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Subject Debt

79. Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate reporting of the Subject Debt.

80. Defendant Chase failed to conduct a reasonable investigation of its reporting of the Subject Debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the dispute from Defendants Experian and Equifax pursuant to 15 U.S.C. § 1681i(a)(1).

81. If Defendant Chase believed that Plaintiff's dispute of the Subject Debt was frivolous or irrelevant as set forth by 15 U.S.C. § 1681i(a)(3)(B), Chase failed to comply with Section 1681i(a)(3)(C) of the FCRA which required any notice provided by Defendant to "include - (i)the reasons for the determination under subparagraph (A); and

identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information."

82. Defendant Chase violated § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Defendants Experian and Equifax after being put on notice of the inaccurate reporting of the Subject Debt.

83. Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate reporting of the Subject Debt.

84. Defendant Chase failed to conduct a reasonable investigation of its reporting of the Subject Debt, failed to properly record that the Subject Debt was disputed, and otherwise failed to delete the inaccurate information from Plaintiff's credit file within 30 days of receiving notice of the dispute from to Defendants Experian and Equifax pursuant to 15 U.S.C. § 1681i(a)(1).

85. Despite the erroneous reporting of the Subject Debt and Plaintiff's efforts to correct the error, Defendant Chase did not correct the inaccurate reporting of the Subject Debt. Instead, Chase wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Defendants Experian and Equifax.

86. A reasonable investigation by Defendant Chase would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate reporting of the Subject Debt remains associated with Plaintiff's Experian and Equifax credit files.

87. Had Defendant Chase taken reasonable steps to investigate Plaintiff's valid dispute of the Subject Debt, Chase should have permanently corrected its erroneous reporting of the Subject Debt.

88. Had Defendant Chase taken reasonable steps to respond to Defendants Experian and Equifax's request for investigation, Chase should have permanently corrected its erroneous reporting of the Subject Debt.

89. Had Defendant Chase taken reasonable steps to investigate Defendant Experian's request for investigation, it should have permanently corrected its erroneous reporting of the Subject Debt.

90. By deviating from the standards established by the creditor and credit reporting industry, Defendant Chase acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Defendants Equifax and Experian.

91. As alleged above, Plaintiff has been harmed by Defendant Chase's failure to properly report the Subject Debt despite numerous opportunities to correct its misreporting of the Subject Debt.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant Chase as follows:

  a. Declare that the conduct of Defendant Chase was unlawful;
  b. An order directing Defendant Chase to immediately delete all of the inaccurate information related to the Subject Debt;
  c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n; and
  d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o.

### Count II – Violations of the FRCA vs. Equifax

92. Plaintiff, restates and realleges the above Paragraphs against Defendant Equifax as though fully set forth herein.

93. Equifax is a "consumer reporting agency" as defined by § 1681a(f).

94. Plaintiff provided Defendant Equifax with all relevant information in his request for investigation to reflect that he had no obligation on the Subject Debt.

95. Defendant Equifax published Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Subject Debt as XXX.

96. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

97. Upon information and belief, Equifax recklessly and/or knowingly prepared false and materially misleading consumer reports concerning Plaintiff.

98. Defendant Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

99. Upon information and belief, regarding Plaintiff's dispute to Equifax, Equifax failed to include all relevant information as part of the notice to Chase.

100. Defendant Equifax violated § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Subject Debt.

101. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

102. Defendant Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Defendant Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

103. Defendant Equifax knew that the inaccurate reporting of the Subject Debt would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

104. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

105. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

106. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

107. Based upon the review of numerous consumer complaints and lawsuits, it is Defendant Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

108. Defendant Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

109. Defendant Equifax continual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting Plaintiff's credit information accurately.

110. Defendant Equifax acted recklessly and/or carelessly by reporting and re-reporting the Subject Debt after Plaintiff put Defendant Equifax on notice.

111. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Equifax as follows:

    a. Declare that the conduct of Defendant Equifax was unlawful;

    b. Order Defendant Equifax to delete all of the inaccurate information from Plaintiff's reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n; and

d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o.

### Count III – Violations of the FRCA vs. Experian

112. Plaintiff, restates and realleges the above Paragraphs against Defendant Experian as though fully set forth herein.

113. Experian is a "consumer reporting agency" as defined by § 1681a(f).

114. Plaintiff provided Defendant Experian with all relevant information in his request for investigation to reflect that he had no obligation on the Subject Debt.

115. Defendant Experian published Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Subject Debt as XXX.

116. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

117. Upon information and belief, Experian recklessly and/or knowingly prepared false and materially misleading consumer reports concerning Plaintiff.

118. Defendant Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

119. Upon information and belief, regarding Plaintiff's dispute to Experian, Experian failed to include all relevant information as part of the notice to Chase.

120. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Subject Debt.

121. Defendant Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

122. Defendant Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Defendant Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

123. Defendant Experian knew that the inaccurate reporting of the Subject Debt would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

124. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

125. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

126. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

127. Based upon the review of numerous consumer complaints and lawsuits, it is Defendant Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

128. Defendant Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

129. Defendant Experian continual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting Plaintiff's credit information accurately.

130. Defendant Experian acted recklessly and/or carelessly by reporting and re-reporting the Subject Debt after Plaintiff put Defendant Experian on notice.

131. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant Experian as follows:

a. Declare that the conduct of Defendant Experian was unlawful;

b. Order Defendant Experian to delete all of the inaccurate information from Plaintiff's reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n; and

d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o.

*Plaintiff demands jury trial.*

Respectfully submitted on behalf of

Plaintiff GILBERT CASTILLO, JR.

Dated: 9/20/2021

*/s/ James C. Vlahakis*
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 Highland Avenue Suite 200
Lombard, IL 60148
Direct: (630) 581-5456
Fax (630) 575 - 8188
Email: jvlahakis@sulaimanlaw.com