**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GILBERT CASTILLO, JR. on his own and on behalf of a class of similarly situated persons, | CIVIL ACTION |
|     Plaintiff, | Case No. 21-cv-04970 |
| v. | Jury Trial Requested |
| JPMORGAN CHASE BANK, N.A, and EQUIFAX INFORMATION SOLUTIONS, LLC, | |
|     Defendants. | |

**FIRST AMENDED COMPLAINT**

NOW COMES GILBERT CASTILLO, JR. ("Plaintiff") by and through his undersigned attorney, and submits his First Amended Complaint against the Defendants asserting individual and class action based violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*:

**Parties, Jurisdiction and Venue**

1.      Plaintiff Gilbert Castillo, Jr., a resident of California, brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

2.      Defendant JPMORGAN CHASE BANK, N.A ("Chase") is national banking association that provides credit to consumers living in the States of California and Illinois, maintains a principal place of business in Chicago, Illinois and is a "furnisher of information" to credit reporting agencies as provided by 15 U.S.C. § 1681s-2(b).

3.      Defendant EQUIFAX INFORMATION SOLUTIONS, LLC ("Equifax") is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files

to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the States of California and Illinois.

4.     Defendant Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's creditworthiness, credit standing, and credit capacity on a nationwide basis, including the regular conduct of credit reporting and the handling of disputes for residents of in the States of Illinois and California.

5.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of this Civil Action because this Civil Action has been brought pursuant to the FCRA.

6.     Section 1681p of the FCRA provides and "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction[.]"

7.     Pursuant to 28 U.S.C. § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which  any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

8.     Venue is proper in this judicial district pursuant to Section 1681p of the FCRA and 28 U.S.C. § 1391(b) because Defendants do business in this judicial district, have the capacity to sue and be sued in this District and are otherwise subject to this Court's personal jurisdiction with respect to the complained of conduct. Further, upon

2

in formation and belief, Defendant Chase's response to Plaintiff's various dispute letters took place within this judicial district.

9.      Personal jurisdiction exists in this this judicial district because each Defendant has sufficient business contacts within the State of Illinois and this district "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443-44 (7th Cir. 2010) (citations and internal quotations omitted). Further, in addition to Defendant's actual physical presence in this judicial district, the sheer scope of its business operations demonstrates "continuous and systematic" contacts with this forum that are "sufficiently extensive and pervasive[.]" *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

10.     Joinder of Plaintiff's claims against all three Defendants is proper under Fed. R. Civ. P. 20(a)(2) as Plaintiff's claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## II. Background Allegations Regarding the FCRA

11.     The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

12.     The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

13.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of credit reporting, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

### III. Additional Factual Allegations

14.     Regarding the below allegations, Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b) and is a natural person who was harmed by Defendants' conduct in violation of the FCRA.

15.     As detailed below, Chase acted as a "furnisher" of "information" as defined by 15 U.S.C. § 1681s-2 and as a "financial institution" as defined by 15 U.S.C. § 1681a(t) when it furnished information to Defendant Equifax in relation a consumer debt that Plaintiff allegedly owed to Chase (hereafter the "Subject Debt").

16.     Regarding the below allegations, Equifax was a "person" as defined by 15 U.S.C. §1681a(b) and is "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

17.     Regarding the below allegations, Defendant Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

18.     At all times relevant, Plaintiff's credit reports referencing the Subject Debt were "consumer reports" as that term is defined by § 1681a(d).

19.     Regarding the below allegations, Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and (b) and is a natural person who was harmed by Defendants' conduct in violation of the FCRA.

### A. The Resolution of the Subject Debt With Defendant Chase

20.     Within the past two years of this Complaint being filed, Defendant Chase has reported to both Defendant Equifax that Plaintiff owed a consumer debt to Chase that was charged off by Defendant Chase (the "Subject Debt").

21.     In or around March of 2020, Plaintiff and Defendant Chase agreed to resolve the Subject Debt.

22. In a "SETTLEMENT AGREEMENT AND RELEASE" ("Agreement") dated March 17, 2020, Plaintiff and Chase agreed that Chase would waive the Subject Debt.

23. In agreeing to resolve the Subject Debt, Plaintiff and Defendant Chase both understood and agreed that entire amount of the Subject Debt would be forgiven for the full amount of the Subject Debt.

24. While the terms of the Agreement are confidential, Plaintiff and Defendant Chase expressly agreed that the terms and conditions of the Agreement could be disclosed, if necessary, to enforce or litigate over any provision of the Agreement.

25. Each of the below referenced credit reports are or were "consumer reports" as this term is defined by § 1681a(d)(1) of the FCRA.

26. Despite agreeing to waive the entire amount of the Subject Debt, Defendant Chase has repeatedly misreported to Defendant Equifax the manner in which the Subject Debt was resolved in full by Plaintiff and Defendant Chase.

27. After agreeing to forgive the Subject Debt *in full*, Defendant Chase specifically misreported the resolution of Subject Debt to Defendant Equifax on numerous occasions by indicating that the Subject Debt was resolved for *less than the full balance* of the Subject Debt.

28. On information and belief, Defendant Chase has (a) resolved debts owed or allegedly owed by customers of Chase ("consumers") where (b) Chase and various consumers have entered into settlement agreements where (c) Chase and the consumers agreed to resolve the debts that the consumers owed or allegedly owed to Chase (d) in conjunction with consumers settling pre-suit demands and lawsuits asserted or brought by consumers where (e) each consumer's pre-suit demands and/or lawsuits asserted that Chase's conduct violated various consumer rights statutes.

5

29. For example, on information and belief, the consumers in question have sued Defendant Chase for violating the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act ("consumer rights statutes") where the consumers at issue and Chase entered into settlement agreements to (a) jointly resolve Chase's alleged violations of the consumer rights statutes and (b) *fully* resolve any debt that the consumer allegedly owed to Chase.

30. Just like the circumstances involving Plaintiff, the settlements involving Defendant Chase and the consumers resulted in (a) the consumers releasing Chase for its violations of various consumer rights statutes and (b) in exchange for these releases, Chase (c) completely and fully waived and resolved the debts allegedly owed by the consumers in question.

31. On information and belief, in agreeing to resolve the violations of the consumer rights statutes at issue, the consumers and Defendant Chase both understood and agreed that entire amount of the debts that the consumers allegedly owed to Chase would be forgiven for the full amount of the debts.

32. On information and belief, despite Defendant Chase and the various consumers agreeing that entire amount of the debts allegedly owed to Chase would be forgiven for the full amount of the debts, Defendant Chase misreported the debts of other consumers to Defendant Equifax in a manner substantially similar to the manner in which Defendant Chase reported and continues to misreport the Subject Debt to Defendant Equifax.

**B. Defendant Equifax's Misreporting of the Subject Debt**

33. On information and belief, after resolving the Subject Debt with Plaintiff in full, Defendant Chase reported the Subject Debt to Defendant Equifax as a "Payment after charge off/collection Settled - less than full balance".

34. On information and belief, after Defendant Chase resolved the Subject Debt with Plaintiff in full, Chase inaccurately reported the Subject Debt to Defendant Equifax as a "Payment after charge off/collection Settled - less than full balance".

35. Alternatively, Defendant Chase resolving the Subject Debt with Plaintiff in full, Chase reported the Subject Debt to Defendant Equifax as being resolved for less than the full amount of the Subject Debt.

36. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Defendant Chase inaccurately reported the Subject Debt to Defendant Equifax as being resolved for less than the full amount of the Subject Debt.

37. Alternatively, despite Defendant Chase resolving the Subject Debt with Plaintiff in full, Defendants Equifax and Chase inaccurately reported the Subject Debt as being resolved for less than the full amount of the Subject Debt.

38. Despite Defendant Chase resolving the Subject Debt with Plaintiff for the full amount of the Subject Debt, Chase's reporting of the Subject Debt (after the resolution of the Subject Debt in full) resulted in Defendant Equifax reporting the Subject Debt as "Payment after charge off/collection Settled - less than full balance".

39. Defendant Equifax's reporting of the Subject Debt as "Payment after charge off/collection Settled - less than full balance" was factually inaccurate.

40. As discussed below, after Plaintiff learned that the Subject Debt was being misreported by Defendant Equifax as "Payment after charge off/collection Settled - less than full balance", Plaintiff wrote to Defendant Chase to ask Chase to report to Defendant Equifax that the "full balance" of the Subject Debt was settled.

41. Despite Plaintiff more than once writing to Defendant Chase to correct it inaccurate reporting of the resolution of the Subject Debt in full, Defendant Chase declined to correctly report the Subject Debt as being resolved in full.

42. As discussed below, on more than one occasion, Plaintiff wrote to Defendant Equifax to ask it to correct its reporting of the Subject Debt to reflect that the "full balance" of the Subject Debt was settled.

43. Despite informing Defendant Equifax in writing on more than one occasion that Defendant Chase was inaccurately reporting the Subject Debt being resolved for less than the full balance, Defendant Equifax refused to correct the manner in which the Subject Debt was being misreported by Defendant Chase.

44. Similarly, on information and belief, despite Defendant Chase and t more than forty (40) consumers agreeing that entire amount of the debts allegedly owed to Chase would be forgiven for the full amount of the debts in the scenarios described in Section III-A, Defendant Chase failed to properly report that the subject debts were fully resolved.

45. On information and belief, despite more than forty (40) consumers disputing the misreporting of their debts to Defendant Chase, Chase refused to correct its misreporting of the subject debts.

46. Further, on information and belief, despite more than forty (40) consumers informing Defendant Equifax in writing that Defendant Chase was inaccurately reporting their debts as being resolved for less than the full balance, Defendant Equifax refused to correct the manner in which the subject debts were being misreported by Chase.

47. Additionally, on information and belief, despite more than forty (40) consumers informing Defendant Equifax in writing that Defendant Chase was inaccurately reporting their debts as being resolved for less than the full balance, Defendant Equifax refused to correct the manner in which Equifax was publishing the status of the subject debts.

**C. Plaintiff Has Been Harmed by the Misreporting of the Subject Debt**

48.     Plaintiff has been harmed by Chase's failure to properly and accurately report the Subject Debt as "paid in full", Payment after charge off/collection settled paid in full" or "legally paid in full".

49.     The inaccurate reporting of the Subject Debt resulted in a false and damaging image of Plaintiff's credit worthiness.

50.     Specifically, the inaccurate reporting of the Subject Debt has had an adverse impact on Plaintiff's credit rating and creditworthiness because inaccurate reporting of the Subject Debt mislead creditors into believing that Plaintiff cannot honor his financial obligations, and is otherwise high-risk consumer.

51.     The inaccurate reporting of the Subject Debt has resulted in Plaintiff suffering from significant distrust, frustration, distress, and has rendered Plaintiff unable to obtain the most favorable financing and credit opportunities.

52.     As a result of the misreporting of the Subject Debt by Defendant Chase, including its failure to correct its misreporting of the Subject Debt, Plaintiff has suffered out of pocket expenses, decreased credit score, time and effort preparing and tracking the status of his various disputes, as well as time and effort purchasing credit reports to correct and monitor his credit score.

53.     As a result of the misreporting of the Subject Debt by Defendants Equifax and Chase, including its failure to correct their misreporting of the Subject Debt, Plaintiff has suffered out of pocket expenses, decreased credit score, time and effort preparing and tracking the status of his various disputes, as well as time and effort purchasing credit reports to correct and monitor his credit score.

54. By misreporting the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit score.

55. By misreporting the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit worthiness.

56. By misreporting the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's ability to obtain favorable credit.

57. By misreporting the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff to the extent creditors have denied Plaintiff credit as a result of the manner in which Chase has caused the Subject Debt to be misreported.

58. By *failing to correct its misreporting* the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff's credit score, Plaintiff's credit worthiness, and Plaintiff's ability to obtain favorable credit terms.

59. By *failing to correct its misreporting* the Subject Debt to Defendant Equifax as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase has harmed Plaintiff to the extent creditors have denied Plaintiff credit as a result of the manner in which Chase has caused the Subject Debt to be misreported.

60. By misreporting the Subject Debt as being resolved for *less than the full balance* of the Subject Debt, Defendant Chase and Equifax have harmed Plaintiff's ability to obtain favorable credit terms.

10

61. By misreporting the Subject Debt as being resolved for *less than the full balance* of the Subject Debt, Defendant Equifax has harmed Plaintiff to the extent creditors have denied Plaintiff credit - as a result of the manner in which Defendants Chase and Equifax have misreported the nature of the Subject Debt.

62. By *failing to correct* their misreporting of the Subject Debt, Defendant Equifax has harmed Plaintiff's credit score as well as Plaintiff's credit worthiness and his ability to obtain favorable credit terms.

63. By *failing to correct* their misreporting the Subject Debt, Defendant Equifax has harmed Plaintiff to the extent creditors have denied Plaintiff credit - as a result of the manner in which Defendants Chase and Equifax caused the Subject Debt to be misreported.

## Count I – Class Action Based Violations of the FRCA vs. Defendant Chase

64. Plaintiff, on his behalf and on behalf of putative class members, restates and realleges the above Paragraphs against Defendant Chase as though fully set forth herein.

65. Plaintiff wrote to Chase on more than one occasion to dispute the manner in which the Subject Debt was being reported by Defendant Equifax.

66. On information and belief, Defendant Equifax responded to Plaintiff's written disputes by asking Chase to confirm or deny the nature of Plaintiff's dispute.

67. On information and belief, Defendant Equifax responded to Plaintiff's disputes by asking Chase to confirm or deny the nature of Plaintiff's dispute.

68. Defendant Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for investigation from Defendant Equifax.

69.     Defendant Chase violated § 1681s-2(b)(1)(B) by failing to review all relevant information that was provided to it pursuant § 1681i(a)(2).

70.     Defendant Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

71.     Had Defendant Chase reviewed the information provided to it by Plaintiff Defendant Equifax, it should have corrected the inaccurate designation of the Subject Debt, and transmitted the correct information to Equifax.

72.     Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Defendant Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the Subject Debt

73.     Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate reporting of the Subject Debt.

74.     Defendant Chase failed to conduct a reasonable investigation of its reporting of the Subject Debt, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of the dispute from Defendant Equifax pursuant to 15 U.S.C. § 1681i(a)(1).

75.     If Defendant Chase believed that Plaintiff's dispute of the Subject Debt was frivolous or irrelevant as set forth by 15 U.S.C. § 1681i(a)(3)(B), Chase failed to comply with Section 1681i(a)(3)(C) of the FCRA which required any notice provided by Defendant to "include - (i)the reasons for the determination under subparagraph (A); and identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information."

76.    Defendant Chase violated § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Defendant Equifax after being put on notice of the inaccurate reporting of the Subject Debt.

77.    Defendant Chase violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate reporting of the Subject Debt.

78.    Defendant Chase failed to conduct a reasonable investigation of its reporting of the Subject Debt, failed to properly record that the Subject Debt was disputed, and otherwise failed to delete the inaccurate information from Plaintiff's credit file within 30 days of receiving notice of the dispute from to Defendant Equifax pursuant to 15 U.S.C. § 1681i(a)(1).

79.    Despite the erroneous reporting of the Subject Debt and Plaintiff's efforts to correct the error, Defendant Chase did not correct the inaccurate reporting of the Subject Debt. Instead, Chase wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Defendant Equifax.

80.    A reasonable investigation by Defendant Chase would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate reporting of the Subject Debt remains associated with Plaintiff's Equifax credit files.

81.    Had Defendant Chase taken reasonable steps to investigate Plaintiff's valid dispute of the Subject Debt, Chase should have permanently corrected its erroneous reporting of the Subject Debt.

82.    Had Defendant Chase taken reasonable steps to respond to Defendant Equifax's request for investigation, Chase should have permanently corrected its erroneous reporting of the Subject Debt.

83.    By deviating from the standards established by the creditor and credit reporting industry, Defendant Chase acted with reckless and willful disregard for its

duty as a furnisher to report accurate and complete consumer credit information to Defendant Equifax.

84. As alleged above, Plaintiff was harmed by Defendant Chase's failure to properly report the Subject Debt despite numerous opportunities to correct its misreporting of the Subject Debt.

85. On information and belief, as set forth above in Paragraphs 48-63, the various consumers impacted by the conduct of Defendants Chase and Equifax have suffered similar financial harms.

86. The conduct complained of above and below satisfy the elements of Federal Rule of Civil Procedure 23(a)(1)-(4).

87. In particular, the number of putative class members are so numerous that joinder of all class members is impracticable. See FRCP 23(a)(1). In addition, as set forth above, there are questions of law or fact common to the class and the claims or defenses of the representative parties are typical of the claims or defenses of the proposed classes. See FRCP 23(a)(2)-(3).

88. Further, Plaintiff and his counsel will fairly and adequately protect the interests of the proposed class members. See FRCP 23(a)(4). In particular, the undersigned has been appointed as provisional class counsel in the case of *Molinari v. Fin. Asset Mgmt. Sys., Inc.*, 18-cv-01526, 2021 U.S. Dist. LEXIS 235401, *3 (N.D. Ill. Nov. 22, 2021) (provisionally approving a proposed class action settlement involving the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act). *See also, In re Apple. Inc. Device Performance Litig.*, 18-md-02827, 2021 U.S. Dist. LEXIS 50550, 2021 WL 1022867 (N.D. Cal. Mar. 17, 2021) (granting approval of class action settlement where Mr. Vlahakis was appointed as class counsel); *In re Apple. Inc. Device Performance Litig.*, 18-md-02827, 2018 U.S. Dist. LEXIS 244775, *26-*27 (N.D. Cal. May

14

15, 2018) (order granting appointment of Mr. Vlahakis to the Plaintiffs' Steering Committee).

89.   The proposed class action is defined as involving:

**(A) Nationwide Class**

All consumers in the United States who fully resolved debts allegedly owed to Defendant Chase where Chase misreported the resolution of the debts when Chase informed Defendant Equifax that the debts were resolved for *less than the full balance* of the debts and Defendant Equifax reported the debts as "Payment after charge off/collection Settled - less than full balance" or in a similar manner.

**(B) California Class**

All consumers with addresses in the State of California who fully resolved debts allegedly owed to Defendant Chase where Chase misreported the resolution of the debts when Chase informed Defendant Equifax that the debts were resolved for *less than the full balance* of the debts and Defendant Equifax reported the debts as "Payment after charge off/collection Settled - less than full balance" or in a similar manner.

90.   Prosecuting this Civil Action as a class action is appropriate because questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. See FRCP 23(b)(3).

**WHEREFORE**, Plaintiff, on his behalf and on behalf of putative class members, respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and against Defendant Chase as follows:

a.   Declare that the conduct of Defendant Chase was unlawful;

b. Order Defendant Chase to immediately delete all of the inaccurate information related to the Subject Debt from the credit reports and credit files of Plaintiff and the putative class members;

c. Award Plaintiff and putative class members punitive damages and provided by the FCRA;

d. Award Plaintiff and putative class members actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n; and

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o.

### **Count II – Individual Violations of the FRCA vs. Equifax**

91.     Plaintiff, restates and realleges the above Paragraphs against Defendant Equifax as though fully set forth herein.

92.     Equifax is a "consumer reporting agency" as defined by § 1681a(f).

93.     Plaintiff provided Defendant Equifax with all relevant information in his request for investigation to reflect that he had no obligation on the Subject Debt.

94.     Defendant Equifax published Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Subject Debt as XXX.

95.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff.

96.     Upon information and belief, Equifax recklessly and/or knowingly prepared false and materially misleading consumer reports concerning Plaintiff.

97.     Defendant Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

98.     Upon information and belief, regarding Plaintiff's dispute to Equifax, Equifax failed to include all relevant information as part of the notice to Chase.

99.     Defendant Equifax violated § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Subject Debt.

100.     Defendant Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

101.     Defendant Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Defendant Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

102.     Defendant Equifax knew that the inaccurate reporting of the Subject Debt would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

103.     The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

104.     Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant Equifax readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

105.     By deviating from the standards established by the credit reporting industry and the FCRA, Defendant Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

106.     Based upon the review of numerous consumer complaints and lawsuits, it is Defendant Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

107.     Defendant Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading

information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

108. Defendant Equifax continual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting Plaintiff's credit information accurately.

109. Defendant Equifax acted recklessly and/or carelessly by reporting and re-reporting the Subject Debt after Plaintiff put Defendant Equifax on notice.

110. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Equifax as follows:

a. Declare that the conduct of Defendant Equifax was unlawful;

b. Order Defendant Equifax to delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff punitive damages and provided by the FCRA;

d. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n; and

e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o.

### Count III – Class Action Based Violations of the Illinois Consumer Fraud and Deceptive Business Practice Act vs. Defendant Chase

111. Plaintiff, restates and realleges the above Paragraphs against Defendant as though fully set forth herein.

112. Defendant Chase's actions alleged above constitute unfair and/or deceptive acts or practices under Illinois 815 ILCS 505/1, *et seq.* ("ICFA").

113. The Court has supplemental jurisdiction to entertain Plaintiff's ICFA claim.

114. ICFA applies to prohibit certain misconduct involving "any trade or commerce" taking place inside the State of Illinois.

115. ICFA defines the term "person" to include "any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof." 815 ILCS 505/1(c).

116. Defendant Chase is a "person" as defined by 815 ILCS § 505/1(c).

117. Plaintiff is a "person" and "consumer" as defined by 815 ILCS §§ 505/1(c) and 505/1(e).

118. Each putative class member located within the State of Illinois is a "person" and "consumer" as defined by 815 ILCS §§ 505/1(c) and 505/1(e).

119. ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact[.]" 815 ILCS 505/2.

120. As set forth above, Defendant Chase's interactions with Plaintiff and the putative class members located within the State of Illinois involves the conduct of trade and/or commerce as defined by ICFA.

121. As set forth above, Defendant Chase's interactions with Plaintiff and the putative class members located within the State of Illinois took place as part of Chase's policy and practice relative to how it resolves and reports the settlement of debts where Chase entered into settlement agreements with Illinois consumers to fully resolve: (a)

debts allegedly owed to Chase and (b) pre-suit demands and lawsuits brought pursuant to various consumer rights statutes.

122.   This cause of action is premised on Defendant Chase's statements to Plaintiff and other similarly situated consumers were Chase made false statements to Plaintiff and other similarly situated consumers regarding the resolution of their debts as set forth above.

123.   As set forth above, Defendant Chase acted unfairly and deceptively toward Plaintiff and the putative class members.

124.   Defendant Chase knew that its conduct constituted material misrepresentations because it was Chase's practice to misreport the resolution of the subject debts in manner described above.

125.   Defendant Chase's actions, misrepresentations and misconduct were committed by it in the course of trade and commerce with regarding to Plaintiff and the putative class members.

126.   As described above, Plaintiff and the Illinois based putative class members incurred damages as a result of Defendant Chase's conduct and are entitled to seek relief against Chase as provided by 815 ILCS 50510a(a).

127.   In particular, as a proximate cause of Defendant Chase's conduct, Plaintiff suffered damages in the form of a lowered credit score, credit denials and time spent disputing to Chase and Defendant Equifax the manner in which Chase was misreporting the Subject Debt.

128.   Further, as a proximate cause of Defendant Chase's conduct, Plaintiff retained and consulted with his counsel and incurred costs in relation to retaining and consulting with his counsel.

129.   Similarly, upon in formation and belief, the putative class members suffered damages in the form of a lowered credit score, credit denials and time spent disputing to Defendant Chase and Defendant Equifax the manner in which Chase was misreporting the debts that they fully settled with Chase.

130.   Defendant Chase's conduct demonstrates a reckless disregard for the rights of Plaintiff and similarly situated Illinois consumers

131.   As a proximate result of Defendant Chase's conduct, Plaintiff and the putative class members have been damaged.

WHEREFORE, Plaintiff on his behalf and on behalf of putative class members, respectfully requests that this Honorable Court enter judgment against Defendant Chase as follows:

    a.   Declaring that Defendant Chase's above complained conduct was unlawful;

    b.   Awarding Plaintiff and class members damages as provided by ICFA;

    c.   Awarding Plaintiff costs and reasonable attorney's fees as provided by ICFA; and

    d.   Awarding any other relief as this Honorable Court deems just and appropriate.

*Plaintiff demands jury trial.*

Respectfully submitted on behalf of

Plaintiff GILBERT CASTILLO, JR.

*/s/ James C. Vlahakis*
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 Highland Avenue Suite 200
Lombard, IL 60148
Direct:  (630) 581-5456
Fax (630) 575 - 8188
Email: jvlahakis@sulaimanlaw.com