**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GILBERT CASTILLO, JR.<br><br>    Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A, and EQUIFAX INFORMATION SOLUTIONS, LLC,<br><br>    Defendants. | CIVIL ACTION<br><br>Case No. 1:21-cv-04970<br><br>The Honorable Sharon Johnson Coleman<br><br>Jury Trial Requested |

**PLAINTIFF'S MOTION FOR THE ENTRY OF CLERK'S DEFAULT
AGAINST DEFENDANT EQUIFAX INFORMATION SOLUTIONS, LLC**

NOW COMES Plaintiff GILBERT CASTILLO, JR. ("Plaintiff") by and through his undersigned attorney, and moves for the entry of a default against Defendant EQUIFAX INFORMATION SOLUTIONS, LLC ("EQUIFAX") and in support states:

**I. Introduction – Background Facts Supporting Entry of Default**

1. A status conference took place January 11, 2022 at which time Plaintiff's counsel reported that Plaintiff had settled with Experian Information Solutions, Inc. and that Plaintiff intended to file a First Amended Complaint. ECF Dkt. 32. Pre-dating the status conference, Plaintiff filed a Notice of Settlement relative to Defendant EXPERIAN INFORMATION SOLUTIONS. Dkt. 29 (January 6, 2022).

2. This Honorable Court granted Plaintiff leave to file a First Amended Complaint and set February 1, 2022 at the due date for Defendant EQUIFAX and Defendant JPMORGAN CHASE BANK, N.A ("JPMORGAN") (the sole remaining Defendants at that time) to respond to the proposed First Amended Complaint. Dkt. 32.

3. During the status conference, the Court set a discovery schedule. *Id.*

4. Shortly after the conclusion of the January 11, 2022 telephonic status, Plaintiff filed his First Amended Complaint on January 11, 2022. ECF Dkt. 31.

1

5. On January 31, 2022, Defendant JPMORGAN filed a motion for extension of time to answer or otherwise plead to the First Amended Complaint. Dkt. 35.

6. Shortly thereafter, on January 31, 2022 at 5:05 p.m., Plaintiff filed a Notice of Settlement with regard to Defendant JPMORGAN. Dkt. 37.

7. As of today's date, February 7, 2022, Defendant EQUIFAX has not answered or otherwise move to dismiss the First Amended Complaint.

8. The last communication between Plaintiff and Defendant EQUIFAX took place on January 31, 2022, when counsel for Plaintiff emailed counsel for EQUIFAX to inform EQUIFAX that Plaintiff was "poised to file a notice of settlement with Chase." The email concluded by stating, "[i]f your client has any interest in resolving this matter, now would be the best time for us to try to resolve this matter. – James"

## II. FRCP 6(b)(1)(B)

9. The time for Defendant EQUIFAX to seek an extension of time to answer or otherwise plead has expired, and in contrast to Defendant JPMORGAN, Defendant EQUIFAX never moved for leave of court to extend the answer deadline.

10. As set forth by this Court's standing order on Motion Practice, "[m]otions for extension of time must be presented prior to the expiration of the deadline or demonstrate excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B)." As discussed below, the failure to comply with deadlines by properly moving for relief pursuant to FRCP 6(b)(1)(B) may have profound effects.

11. In determining whether a missed deadline should be excused, a court considers "all relevant circumstances surrounding the party's neglect." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). While we do not presently know why Defendant EQUIFAX failed to answer the First Amended Complaint by deadline or move to extend the answer date before the deadline. the relevant circumstances include: "the danger of

2

prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

12. Where a party *fails* to seek relief of court pursuant to FRCP 6(b)(1)(B) *before a deadline has expired* (as is the case here), this Court has held that the well-supported facts set forth in an opposing party's submission will be deemed admitted. *See, e.g.*, *Sroga v. Williams*, 2019 U.S. Dist. LEXIS 191134, *2 (N.D. Ill. Nov. 4, 2019). *See also*, *Miller v. Chi. Transit Auth.*, 2020 U.S. Dist. LEXIS 169550, *1 Fn. 1 (N.D. Ill. Sept. 16, 2020), 2021 U.S. App. LEXIS 37400 (7th Cir. Dec. 17, 2021) (affirming this Court's determination that excusable neglect was lacking); *In re Kutrubis v. Bowman*, 486 B.R. 895, 903 (N.D. Ill. Feb. 14, 2013) (rejecting 60(b)(1) motion where the movant "argued in his Rule 60(b)(1) motion that he could not appear or respond to the adversary complaint because he had to care for his elderly mother, who was suffering from a health crisis in January 2012 [and] Kutrubis asserts that this fact shows that he moved with reasonable promptness after the default judgment (within fourteen days), alleged a meritorious defense (excusable neglect), and did not willfully default."), affirmed, *Kutrubis v. Bowman (In re Kutrubis)*, 550 Fed. Appx. 306 (7th Cir. Dec. 18, 2013) (affirming this Court's determination that excusable neglect was lacking).

13. While Defendant EQUIFAX's answer is one short of a week late, the Court has denied motions to extend missed deadlines of less than a week. *See, e.g., Sroga*, 2019 U.S. Dist. LEXIS 191134 *2 ("The Court allowed Sroga until August 12, 2019 to file his amended complaint, noting that this was a final extension. Sroga did not comply. Instead, *Sroga filed a motion for an extension of time to file his amended complaint <u>two days after the deadline</u>*, which the Court denied for failure to demonstrate excusable

3

neglect for not complying with the Court's deadline. (Dkt. 64, 66.)")(emphasis supplied). *See also*, *Easley v. Kirmsee*, 382 F.3d 693, 699 (7th Cir. 2004) (affirming denial of Rule 60(b) motion where a plaintiff's attorney missed a filing deadline) ("The trial judge was entitled to expect Easley and her counsel to comply with his clear and straight forward pretrial scheduling orders and filing deadlines, and when compliance was not forthcoming ... [.] We refuse to tie the trial judge's hands and take away one of the tools necessary to enforce his scheduling orders and organize his trial calendars.").

### III. FRCP 55

14. FRCP 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." (Emphasis supplied).

15. FRCP 55(b) states that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."

16. By way of this Motion, Plaintiff is providing the type of notice required by FRCP 55(b). FRCP 55(b) goes describe the duties of a court *after* a clerk's default has been entered:

> The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

17. FRCP 55(c) states that a court may only set "set aside an entry of default for good cause". As this Court has previously held, a party in technical default has a high burden to avoid the consequences of failing to answer a complaint:

4

> Neither defendant answered the complaint. On April 16, Garcia moved the Court to find defendants in default under Federal Rule of Civil Procedure 55(a) for failure to answer or otherwise plead, which the Court granted on April 23. A prove-up hearing was scheduled for May 14. Garcia then sought a default judgment in the amount of $24,816.25.
>
> ***
>
> [O]n the Court again postponed ruling on Garcia's motion for default judgment to allow the parties an opportunity to resolve the case. *At a June 5 hearing--after Garcia's counsel reported that defendants had not responded to his settlement demand or otherwise communicated with him*--the Court granted the motion for default judgment and issued a separate order explaining in detail its reasons for doing so. (Dkt. 28.) Currently before the Court is defendants' "Rule 60(b) Motion to Vacate Default and For Leave to File Answer and Affirmative Defenses Instanter; and, Alternatively, Defendants' Motion to Amend Judgment."
>
> ***
>
> Although the Court considers the well-established principal of favoring a trial on the merits over a default judgment, relief from a judgment under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances."

*Garcia v. Valet Parking Prof'l, LLC*, 2020 WL 733104, 2020 U.S. Dist. LEXIS 25022, *2-*4 (N.D. Ill. Feb. 13, 2020) (case citations omitted, emphasis supplied). "The elements for relief under Rules 55(c) and 60(b) are substantially the same but the standards are applied more stringently when considering a Rule 60(b) motion." *Id.* at *3 (citing *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 368 (7th Cir. 1983)).

18. Missed deadlines can have profound effects on attorneys and their clients.

> [W]e take this opportunity to remind litigants that "district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. Part of that job means that they are entitled—indeed they must—enforce deadlines." This onus is why district courts have "substantial discretion as they manage their dockets," *id.*, a point we have made repeatedly. Blithely asserting that a missed deadline will not disrupt judicial proceedings ignores the fact that trial judges—no less than trial attorneys—must coordinate multiple competing demands on their time.

*Miller v. Chi. Transit Auth.*, 2021 U.S. App. LEXIS 37400 (7th Cir. Dec. 17, 2021) (citations omitted).

**IV. Relief Requested**

19. Plaintiff submits that because Defendant EQUIFAX failed to answer by the February 1, 2022 deadline that this Honorable Court should (a) enter an minute order instructing the clerk of the court to enter a default against Defendant, (b) set a due date for Plaintiff to file a motion in support of an award of damages, legal fees and costs against Defendant and (c) set a hearing date relative to the entry of damages, legal fees and cost against Defendant.

20. As this Honorable Court has previously held, "[a]n evidentiary hearing on damages is not necessary if damages are capable of easy computation." *Zhu Zhai Holdings Ltd. v. Ivankjovich*, 2021 U.S. Dist. LEXIS 154674, *8 (N.D. Ill. Aug. 17, 2021) (citing *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014)). *See also, Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)("Upon default, the well-pled allegations of the complaint relating to liability are taken as true[.]").

21. Plaintiff submits that the statutory and actual damages, legal fees and costs that he will seek against Defendant EQUIFAX (amounting to approximately $20,000), are capable of easy computation and thus the Court *may* determine that a hearing is not necessary after it reviews Plaintiff's forthcoming submission. Plaintiff will submit a prove up motion within one business day after entry of a clerk's default.

22. The undersigned certifies that the above paragraphs are true and correct.

WHEREFORE, Plaintiff respectfully asks that this Honorable Court (a) enter a minute order instructing the clerk of the court to enter a default against Defendant EQUIFAX INFORMATION SOLUTIONS, LLC and (b) set a short date for Plaintiff to file a motion in support of an award of damages, legal fees and costs against Defendant.

Respectfully submitted,

**Plaintiff GILBERT CASTILLO, JR.**

*/s/ James C. Vlahakis*
SULAIMAN LAW GROUP, LTD.
2500 Highland Avenue Suite 200
Lombard, IL 60148
630-581-5456
jvlahakis@sulaimanlaw.com